UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NGCOBA ATKINS, *et al.*,

                Plaintiffs,

     -against-                               6:16-cv-509 (LEK/ATB)

UTICA CITY SCHOOL DISTRICT, *et al.*,

                Defendants.

## **DECISION and ORDER**

### I.    INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on May 10, 2016, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5. *Pro se* Plaintiffs Eldora Prince and Ngcoba Atkins ("Plaintiffs") timely filed Objections. Dkt. No. 6 ("Objections").

### II.    LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular

findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

## III. DISCUSSION

Plaintiffs object to the Report-Recommendation's finding that all defamation claims based on the Due Process Clause of the Fourteenth Amendment should be dismissed with prejudice. Objs. at 1. In the Complaint, Plaintiffs allege that "[a]s a result of false and stigmatizing statements by the defendants," Plaintiffs are "being deprived of [a] liberty interest in [their] good name and reputation, and continued safe enrollment in quality public education." Dkt. No. 1 ("Complaint") at 3.[1] Judge Baxter dismissed Plaintiffs' due process defamation claims with prejudice, finding that any attempt to amend would be futile. Rep.-Rec. at 20.

It is well settled that damage to one's reputation alone does not rise to the level of a constitutional violation. Lawson v. Broome County, No. 14-CV-195, 2016 WL 427898, at *7 (N.D.N.Y. Feb. 3, 2016) (Kahn, J.). Defamation will only implicate a liberty interest that justifies procedural safeguards when it is combined with an "'alteration of legal status,' such as governmental deprivation of a right previously held . . . ." Id. (quoting Paul v. Davis, 424 U.S. 693, 708-09 (1976)). This type of "stigma-plus" claim requires a two-part showing: "a plaintiff must prove (1) the utterance of a statement injurious to his reputation that is capable of being proved false

---

[1] The cited page numbers for the Complaint refer to those generated by the Court's electronic filing system ("ECF").

2

and that plaintiff claims is false; and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement." Lawson v. Rochester City Sch. Dist., 446 F. App'x 327, 329 (2d Cir. 2011).

Here, Plaintiffs fail to plausibly allege either element of a stigma-plus claim. The Complaint does not identify any specific defamatory statements made by Defendants or anyone else, and there is no allegation of an alteration in legal status. In their Objections, Plaintiffs do not resolve either of these deficiencies. Instead, Plaintiffs assert that they "have/will provide video/audio recordings, paper documents and report cards, and disciplinary referrals, and police reports" that will support their defamation claim. Objs. at 1. However, Plaintiffs did not attach any of the aforementioned evidence to their Objections.

Generally, a district court "should not dismiss [a *pro se* plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). However, leave to amend may be properly denied where the problem with a complaint is substantive and cannot be fixed by better pleading. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). In this case, Plaintiffs did not allege any defamatory statements or any alteration of status that would support a stigma-plus claim. Judge Baxter correctly dismissed Plaintiffs' due process defamation claims with prejudice because any attempt to amend the Complaint as to those claims would be futile.

Plaintiffs are advised that they are not barred from bringing a defamation claim based upon New York law. Any state law defamation claims that Plaintiffs assert in an amended complaint would be subject to New York's one-year statute of limitations. N.Y. C.P.L.R. 215(3). However,

3

those claims may relate back to the original Complaint for the purposes of the statute of limitations. FED. R. CIV. P. 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). Claims in an amended complaint will not relate back if they set forth new operational facts, but they may add greater specificity to conduct that has already been alleged. Pruiss v. Bosse, 912 F. Supp. 104, 106 (S.D.N.Y. 1996).

In addition to Plaintiffs' objection above, the Court has reviewed the Report-Recommendation for clear error and has found none. Plaintiffs are advised that consistent with the Report-Recommendation, an amended complaint should not simply contain "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" but rather should clearly narrate a story using specific facts that allow the Court to apply the legal standards to the facts provided by Plaintiffs. Rep.-Rec. at 9 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice** as to any claim based on due process and defamation; and it is further

**ORDERED**, that the remainder of the Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff be given **sixty (60) days** to filed an amended complaint as to the claims that are dismissed without prejudice. If Plaintiff fails to file an amended complaint **within sixty (60) days** or request and extension to do so, the entire action will be dismissed with prejudice.

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 23, 2016
         Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge